```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

THOMAS ANDREW RICALDE                       CIVIL ACTION

VERSUS                                      NO: 12-1188

EVONIK STOCKHAUSEN, LLC, ET                 SECTION: "A" (5)
AL.
```

### ORDER AND REASONS

Before the Court is a **Motion to Remand to State Court (Rec. Doc. 7)** filed by plaintiff Thomas Andrew Ricalde. Defendant Evonik Stockhausen opposes the motion. The motion, scheduled for submission on June 20, 2012, is before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit in state court against defendants Evonik Stockhausen, LLC ("Stockhausen") and Edwin Mereand ("Mereand") to recover damages arising out of Plaintiff's former employment relationship with the defendants. All of Plaintiff's causes of action arise under state law. Both Plaintiff and defendant Mereand are citizens of Louisiana.

Notwithstanding the lack of complete diversity among the parties, defendant Stockhausen invoked diversity jurisdiction to remove the action to this Court, contending that defendant Mereand had been improperly joined. The notice of removal consists of 12 pages of legal briefing in support of

1

Stockhausen's contention that Plaintiff has no claim against Mereand.  Via the instant motion Plaintiff moves to remand the case to state court, essentially arguing that Stockhausen cannot satisfy the heavy burden of establishing improper joinder.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  <u>In re North American Philips Corp.</u>, 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  <u>Id.</u>  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000) (<u>citing</u> <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir.1988)).  The burden of proving that complete diversity rests upon the party who seeks to invoke the court's diversity jurisdiction.  <u>Getty Oil Corp. v. Ins. Co. of N. Am.</u>, 841 F.2d 1254, 1259 (5th Cir. 1988).

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003) (<u>citing</u> <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 698 (5th Cir. 1999)).  The standards for

resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings. See id. at 462-63. Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence. Id. at 463 (citing Travis, 326 F.3d at 648-49).

Stockhausen's improper joinder argument is grounded on the second aspect of the doctrine, i.e., the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Stockhausen cannot satisfy this burden as to all of the claims against Mereand. State law provides a cause of action against Mereand and the claims do not appear to be prescribed. Whether Plaintiff can ultimately prevail or even avoid a well-supported motion for summary judgment on his defamation and intentional infliction of emotional distress claims is not before the Court at this time. The parties are not completely diverse, improper joinder has not been established to the Court's satisfaction, and the Court therefore lacks subject matter jurisdiction over this matter.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand to State Court (Rec.**

**Doc. 7)** filed by plaintiff Thomas Andrew Ricalde is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

August 10, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE